RICHARD A. CUMMINGS
rcummings@cummingslawidaho.com
ISB #1815
960 South Broadway Avenue, Suite 315
P.O. Box 1545
Boise, Idaho 83701
Telephone: (208) 367-0722
Facsimile: (208) 367-0892

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IDAHO WASTE SYSTEMS, INC., an Idaho corporation, | ) ) | Case No.: __1:18-cv-229__ |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE UNITED STATES AIR FORCE; | ) | JURY TRIAL IS REQUESTED |
| PROTECH COATINGS, INC., a | ) | |
| Nevada corporation; and SNAKE | ) | |
| RIVER RUBBISH , LLC, an Idaho | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| —————————————— | ) | |

     Plaintiff, Idaho Waste Systems, Inc., for its complaint against Defendants United States Air Force, ProTech Coatings, Inc., and Snake River Rubbish, LLC, alleges and states as follows:

**COMPLAINT - Page 1**
[C:\052318\Client Files\2208\2208.006\complaint]

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. Sections 9613(b) and (f), and 42 U.S.C. section 9607; and pursuant to 28 U.S.C. section 1331; 28 U.S.C. section 1346(b); and 28 U.S.C. section 1402(b).

2.      This Court also has subject matter jurisdiction over the Plaintiff's claims brought under state law by virtue of supplemental jurisdiction provided in 28 U.S.C. section 1367, and under the doctrine of pendent jurisdiction set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  Plaintiff's claims under state law arise from the same nucleus of operative facts as the claims under federal law.

## VENUE

3.      Pursuant to 42 U.S.C. section 9613(b) and 28 U.S.C. 1391(b)(2), venue is proper in any district in which the release or damages occurred or where a substantial part of the events giving rise to the claim occurred or where a substantial part of the property that is the subject of the action is situated.  The release of hazardous substances and damages occurred in Elmore County, Idaho, which is in the District of Idaho.

COMPLAINT - Page 2
[C:\052318\Client Files\2208\2208.006\complaint]

## PARTIES

4.    Plaintiff Idaho Waste Systems, Inc. ("IWS"),  is an Idaho corporation, registered in the State of Idaho and authorized to conduct business on a 480 acre industrial development and  subtitle "D" landfill, with a principal place of business in Elmore County, Idaho (hereinafter the "IWS Site").  The title to said landfill will be transferring to a successor in interest through foreclosure, at which time an amended complaint will be filed setting forth the successor in interest as the plaintiff herein.

5.    Defendant United States Air Force ("USAF") is a federal agency that manages the Mountain Home Air Force Base (MHAFB).  It oversees and authorizes all maintenance, construction and environmental compliance on the Base.

6.    Defendant ProTech Coatings, Inc. ("ProTech"), is a Nevada corporation, with its principal place of business located at 1949 W 2300 S, Salt Lake City, Utah.

8.    Defendant Snake River Rubbish, LLC ("Snake River Rubbish") is an Idaho limited liability company, with its principal place of business located in Glenns Ferry, Idaho.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiff owns and operates a commercially licensed federal Subtitle D landfill that opened in 1999, and is permitted and regulated by the Idaho Department of Environmental Quality and the Central District Health Department.

**COMPLAINT - Page 3**
[C:\052318\Client Files\2208\2208.006\complaint]

10.     Subtitle D of the Resource Conservation and Recovery Act (RCRA) created the criteria for the design and operation of the IWS Site. The Environmental Protection Agency (EPA) requires the IWS Site to be engineered, designed, operated, and monitored to ensure compliance with federal regulations. Specifically, the IWS Site is limited to receive municipal solid waste (MSW) including household waste as well as non-hazardous sludge, industrial waste, and construction and demolition debris. All waste received at the IWS Site must comply with federal regulations per 40 CFR part 258 (Subtitle D of the RCRA), and/or equivalent state regulations.

11.     On information and belief, Plaintiff alleges that during the timeframe of December 2016 through February 2017, Defendants USAF and ProTech were engaged in a contractual relationship referred to and known as the *"Chemical Urethane (CRU) floor coating replacement project."*

12.     As part of the project the Defendants produced certain waste material, consisting of a mixture of old CRU floor coating, concrete dust and debris.

13.     Defendants USAF and/or ProTech contracted with Snake River Rubbish to transport the waste material identified in Paragraph 12 herein, from the construction site located at MHAFB to the IWS Site. All acts and statements attributable to Snake River Rubbish were undertaken within the course and scope of Snake River Rubbish's

contractual and agency relationship with Defendants USAF and ProTech, and were otherwise authorized and ratified by USAF and ProTech.

14.    On or about February 8, 2017, USAF, ProTech and Snake River Rubbish caused to be delivered to the IWS Site a truck load of construction and demolition debris.  Said construction and demolition debris was generated at and from the MHAFB as part of the  *"Chemical Urethane (CRU) floor coating replacement project"* referred to in paragraph 11 hereinabove.

15.    At the time of the delivery of the load of construction and demolition debris set forth in paragraph 12, Defendants USAF and ProTech expressly certified in writing, through their agent Snake River Rubbish, that: *"This is to certify that this load does not contain any hazardous material."*

16.    On or about March 8, 2017, MHAFB notified Albert Crawshaw, Hazardous Waste Science Officer for the Idaho Department of Environmental Quality that the Defendants (1) had caused to be delivered to the IWS Site on or about February 8, 2017, an "estimated 4,000.00 lbs ." of waste material containing *hexavalent chromium,* a known hazardous chemical compound prohibited from being disposed of in a subtitle D landfill, and (2) that "the base Contracting Office has directed the responsible contractor to notify the landfill of the situation."

17      On or about March 9, 2017, Mr. Albert Crawshaw, Hazardous Waste Science Officer for the Idaho Department of Environmental Quality informed MHAFB the following:

a.      *"As the generator of the waste, MHAFB must contact Idaho Waste Systems (IWS)"* and

b.      *"Schedule the immediate removal of the hazardous waste as IWS is a solid waste facility and is not authorized or permitted to receive RCRA-regulated hazardous waste."*

18.     To date, despite the demands of the IDEQ and of IWS, directed to Defendants to remove the hazardous material from the IWS Site, Defendants have taken no affirmative steps to assess, locate, remove or remediate the environmental contamination which they have caused.

## FIRST CAUSE OF ACTION
### (Continuing Nuisance)

19.     Plaintiff re-alleges paragraphs 1 through 18 and by this reference incorporates these paragraphs as if set forth verbatim.

20.     Pursuant to the Idaho Code a nuisance is anything which is injurious to health, indecent or offensive to the senses or is an obstruction of the free use of property so as to interfere with the use of the property.

**COMPLAINT - Page 6**
[C:\052318\Client Files\2208\2208.006\complaint]

21.     Defendants caused or permitted the contamination alleged in this action by acts or omissions as described herein to be released into the IWS Site.

22.     The hazardous substance deposited and released into the IWS Site is migrating and injurious to health, and is an obstruction to the free use of the property as permitted and authorized, and is interfering with the commercial use of the property.

23.     The hazardous substance contamination at the IWS Site is continuing and abatable.

24.     As a direct result of the acts and omissions of the Defendants, as set forth herein, certain area in and around the IWS Site have been and will continue to be contaminated, constituting a nuisance.  IWS has incurred and will continue to incur substantial and necessary response costs, including among other losses, investigation expenses, attorneys' fees, consulting fees, expert fees, oversight costs, remediation and other response costs to contain and abate the nuisance and respond to the aforementioned Corrective Action Notice, as well as physical damage to IWS's property interest, loss of use of property interest, and diminution in property value.

25.     Plaintiff seeks damages to respond to and abate the nuisance caused and/or created by the Defendants.  Additionally, IWS is entitled to injunctive relief for the abatement of any ongoing nuisance caused and/or created by Defendants.

## SECOND CAUSE OF ACTION
### (Continuing Trespass)

26.     Plaintiff re-alleges paragraphs 1 through 25 and by this reference incorporates these paragraphs as if set forth verbatim.

27.     IWS is informed and believes and thereon alleges that Defendants deposited, released, failed to remove, contain, remediate, or otherwise immobilize hazardous substance at and in the IWS Site, and that said actions were substantially certain to, and did, cause the entry of hazardous substances at and in the IWS Site, leachate and surrounding areas, which hazardous substance is abatable.

28.     The aforementioned entry of hazardous substance at and within the IWS Site constitutes a continuing trespass.

29.     As a result, Defendants have unlawfully interfered with IWS's possession of the IWS Site.

30.     As a direct and proximate result of the continuing trespass, IWS has incurred substantial damages, and will continue to incur substantial damages, including, but not limited to, investigation expenses, attorneys' fees, consulting fees, expert fees, oversight costs, and other response costs as well as physical damage to IWS's property interest, loss of the use of the property interest, loss of revenue arising from the loss of the use of property interest, and diminution of value.

COMPLAINT - Page 8
[C:\052318\Client Files\2208\2208.006\complaint]

## THIRD CAUSE OF ACTION
### (Equitable Indemnity and Contribution)

31.     Plaintiff re-alleges paragraphs 1 through 30 and by this reference incorporates these paragraphs as if set forth verbatim.

32.     IWS is informed and believes that any liability that falls upon IWS under the Corrective Action Notice is secondary or passive in nature, and said liability attaches solely to Defendants, by reason of the conduct of the Defendants in wrongfully creating such nuisance condition, as previously alleged.

33.     As a result of the Corrective Action Notice, IWS has and will continue to incur substantial costs of investigating and responding to the hazardous waste contamination.

34.     By reason of the foregoing, IWS is entitled to complete indemnity and/or contribution from the Defendants for causing the contamination which is the subject of the Corrective Action Notice.

## FOURTH CAUSE OF ACTION
### (Negligence and Negligence Per Se)

35.     Plaintiff re-alleges paragraphs 1 through 34 and by this reference incorporates these paragraphs as if set forth verbatim.

36.     Defendants owed to IWS a duty of reasonable care in performing their activities which resulted in waste being transported to the IWS Site.  These duties

**COMPLAINT - Page 9**
[C:\052318\Client Files\2208\2208.006\complaint]

included, but were not limited to, the duties to refrain from operations, activities and conduct that have resulted in contamination of the IWS Site.

37.   IWS is informed and believes, and thereon alleges, that the manner in which the Defendants conducted their operations and disposal practices permitted and contributed to the contamination of the IWS Site thereby breaching their duty of care.

38.   IWS is informed and believes, and thereon alleges, that the Defendants' conduct, as detailed herein, leading to the release of hazardous substances at the IWS Site violated applicable legal requirements governing the transport, handling, storage, treatment, use and disposal of hazardous substances.  Such releases are of occurrences which the aforementioned legal requirements are designed to prevent.

39.   Defendants' violations of those legal requirements proximately caused harm to IWS, who has been required to respond to said release of hazardous substances at the IWS Site.  As a result of the Defendants' actions, IWS is entitled to damages according to proof at trial.

40.   The foregoing acts of the Defendants violate various statutory provisions, including but not limited to, 42 U.S.C. section 9607 and 9613.

41.   As a direct and proximate cause of the Defendants' breaches of the duty of reasonable care, IWS has incurred and will continue to incur substantial and necessary response costs, including, among other losses, investigation expenses,

attorney's fees, consulting fees, expert fees, oversight costs, and other response as well as physical damage to IWS's property interest, loss of use of property interest, loss of revenue arising from the loss of use of propery interest, and diminution of property value.

## FIFTH CAUSE OF ACTION
### (Cost Recovery Under CERCLA)

42.     Plaintiff re-alleges paragraphs 1 through 41 and by this reference incorporates these paragraphs as if set forth verbatim.

43.     A "release" of hazardous substances within the meaning of CERCLA Section 101(22), 42 U.S.C. section 9601(22), has occurred into the soils and groundwater at or around the IWS Site from Defendants' operations or arrangements for disposal of hazardous substances at facilities at or adjacent to the IWS Site.

44.     The release occurred from the "facility" or facilities at, in or around the IWS Site within the meaning of CERCLA Section 101(9), 42 U.S.C. section 9601(9).

45.     As a result of the "release" of "hazardous substances" by Defendants, IWS has incurred and will continue to incur significant response costs.

46.     IWS requests that judgment be entered in its favor and against Defendants pursuant to 42 U.S.C. section 9607(a) for all response costs that IWS has and will incur to investigate, remove or remediate hazardous substances, and alleged property damage.

47.     IWS will provide a copy of this Complaint to the Attorney General of the

**COMPLAINT - Page 11**
[C:\052318\Client Files\2208\2208.006\complaint]

United States and the Administrator of the United States Environmental Protection Agency pursuant to 42 U.S.C. section 9613(1).

## SIXTH CAUSE OF ACTION
### (Contribution Under CERCLA)

48. Plaintiff re-alleges paragraphs 1 through 47 and by this reference incorporates these paragraphs as if set forth verbatim.

49. As responsible parties under section 9607(a) of CERCLA, Defendants are liable to IWS for contribution toward any costs it incurred or will incur in the future in responding to the alleged release of hazardous substances at, in or around the IWS Site alleged herein, including without limitation, the costs of investigations, cleanup, and/or removal of contaminated materials, soils and groundwater, and completing any additional investigation, monitoring, and remediation at the IWS Site, in amounts to be determined according to proof at trial.

50. IWS requests that judgment be entered in its favor and against Defendants pursuant to 42 U.S.C. section 9613, for contribution to the response costs that IWS has incurred and will incur to investigate, remove and/or remediate the release of hazardous substances and alleged property damage at the IWS Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an award of judgment in its favor and against Defendants in the following particulars:

COMPLAINT - Page 12
[C:\052318\Client Files\2208\2208.006\complaint]

1.    For recovery and contribution from Defendants of all response costs incurred, and to be incurred by IWS, in response to the alleged release of hazardous substances within and around the IWS Site;

2.    For damages against Defendants in an amount equal to all response costs and all other costs and damages incurred in investigating, removing, cleaning up, and remediation of the alleged hazardous substance contamination in an amount according to proof at trial;

3.    For compensatory damages according to proof at trial;

4.    For incidental and consequential damages according to proof at trial;

5.    For a permanent injunction requiring the Defendants to investigate and remediate contamination within and around the IWS Site;

6.    For prejudgment interest to the full extent permitted by law;

7.    For costs of suit; and

8.    For such other and further relief as the court may deem just and proper.

DATED This 23rd day of May, 2018.

    /s/ Richard A. Cummings
Richard A. Cummings
Attorney for Plaintiff

**COMPLAINT - Page 13**
[C:\052318\Client Files\2208\2208.006\complaint]