UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WASTE SYSTEMS, INC., an Idaho corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES AIR FORCE; PROTECH COATINGS, INC., a Nevada corporation; and SNAKE RIVER RUBBISH, LLC, an Idaho limited liability company,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-229-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel and for sanctions filed by defendant US Air Force (USAF) seeking answers to discovery and sanctions against the plaintiff for discovery abuses. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion and award sanctions against the plaintiff.

## LITIGATION BACKGROUND

Plaintiff Idaho Waste Systems Inc. (IWS) filed this lawsuit against USAF, Protech Coatings Inc., and Snake River Rubbish LLC, alleging that they dumped hazardous waste in IWS's landfill and have refused to remove the waste. IWS seeks to recoup its response costs and damages to its business.

**Memorandum Decision & Order – page 1**

The lawsuit was filed on May 23, 2018, and the parties have been engaged in discovery. USAF claims that IWS has delayed responding to discovery requests and required USAF to expend time and resources to force IWS to comply with its discovery obligations. USAF's motion seeks to compel answers to discovery and to sanction IWS in the sum of $11,692 for its discovery abuses. IWS denies these allegations and objects to the request for sanctions.

The Court will examine USAF's allegations regarding IWS's conduct in discovery and determine whether sanctions are warranted.

## ANALYSIS

### Initial Disclosures

IWS filed this lawsuit on May 23, 2018, and filed its initial disclosures on September 7, 2018. With regard to the initial disclosures required by Rule 26(a)(1)(ii) (documents that may be used to support claims or defenses) and Rule 26(a)(1)(ii) (a computation of each category of damages), IWS submitted no documentation but merely stated that the material is "being prepared" and "will be provided in a supplemental disclosure when available." *See Rey Declaration (Dkt. No. 44-2)* at pgs. 1-2.

As months passed and IWS failed to provide these initial disclosures, USAF's counsel tried various informal methods to prompt IWS to fulfill its Rule 26 obligations. These methods included the following: (1) letter dated December 14, 2018; (2) email dated February 12, 2018; (3) email and telephonic meet and confer on February 28, 2019; (4) letter dated March 15, 2019; (5) telephonic meet and confer on March 22, 2019; (6)

mediation with the Court's staff on May 1, 2019. *Id*. ¶¶ 6 to 17. It was not until May 30, 2019, that IWS produced the initial disclosures required by Rule 26(a)(1)(ii) & (iii).

**Damages Discovery**

On December 10, 2018, USAF sent its first set of Requests for Production of Documents, requesting, among other things, "documents concerning any alleged damages and response costs resulting therefrom." *See Request for Production No. 9* (*Dkt. No. 44-2*). Months passed and IWS failed to respond. On several occasions, USAF contacted IWS counsel requesting answers to the discovery. USAF's efforts either (1) went unanswered by IWS's counsel, or (2) when answered, were accompanied by promises of production that were never fulfilled. *See Rey Declaration (Dkt. No. 44-2)*. Frustrated by these unsuccessful informal direct efforts to get the discovery, USAF used the Court's informal mediation process during which IWS counsel would again promise to provide answers and then again fail to follow through. *Id*. On March 8, 2019, and again on May 30, 2019, IWS did send to USAF a statement of the dollar amounts it was seeking in damages. For example, IWS claimed damages of $33,106 "for environmental consulting, evaluation and mitigation" and $147,000 "for remobilization and plaintiff's remedial efforts." But IWS failed to provide any supporting documentation as requested by USAF.

After almost six months had gone by, USAF filed this motion to compel on June 7, 2019, at 10:25 a.m. That motion sought in part to compel documents supporting IWS's damage claims. Almost five hours after USAF's motion was filed, IWS emailed to USAF a spreadsheet along with 62 pages of documents relating to damages, the first

**Memorandum Decision & Order – page 3**

time IWS had produced any documentation concerning its damages. Finally, after nearly six months of delay, IWS produced documentary discovery concerning its damages, but only after USAF was forced to file a motion to compel following numerous unsuccessful informal efforts to pry loose this material.

**Request for Admissions**

On December 10, 2018, USAF served its Requests for Admission (RFA) on IWS. Almost three months later, after several attempts by USAF counsel to obtain answers to the RFAs, IWS produced its answers on March 8, 2019. In answering RFAs 4 through 17, IWS gave one of two answers to each RFA: (1) "Plaintiff is without sufficient information to provide a response and therefore this request is denied"; or (2) "Plaintiff is without sufficient information to admit or deny any matters outside of what is disclosed in the file and administrative records for Idaho Waste Systems, Inc. with the Idaho Department of Environmental Quality and/or the Central District Health Department."

Under Rule 36(a)(4), IWS "may assert lack of knowledge or information as a reason for failing to admit or deny only if [IWS] states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Counsel for USAF pointed to this Rule and asked IWS for an explanation of its reasonable inquiry and its results. *See Letter (Dkt. No. 44-2)* at p. 4. IWS never provided USAF with any explanation consistent with Rule 36's requirements. "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if [IWS] has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable [it] to admit or deny

**Memorandum Decision & Order – page 4**

the matter." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). To comply with Rule 36, IWS must make:

> a reasonable effort[] to secure information that is readily obtainable from persons and documents within [IWS'] relative control and to state fully those efforts. Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."

*A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006) (quoting *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003)).

Getting no answers from its informal inquiries, USAF filed this motion to compel on June 7, 2019, seeking to compel answers to the RFAs. More than a week later, on June 18, 2019, IWS's counsel sent by email its updated answers to the RFAs. Of the 14 RFAs at issue (RFAs 4 through 17), IWS changed its answer to "Admit" for 13 of the RFAs and "Deny" for the remaining RFA. IWS did not provide these answers until it forced USAF (1) to engage in numerous informal attempts to dislodge either the discovery or the explanation required by Rule 36, and then ultimately (2) to file this motion to compel. It was only after the motion to compel was filed, that IWS provided its answers to RFAs 4 through 17.

**<u>Second Interrogatories – Nos. 23 & 24</u>**

Because of this most recent production of discovery by IWS, USAF has withdrawn much of its motion to compel because answers have now been provided. However, USAF is still seeking to compel answers to its Second Set of Interrogatories Nos. 23 & 24. Those two interrogatories and IWS's answers are set out below:

**Memorandum Decision & Order – page 5**

> *INTERROGATORY NO. 23*: Describe the factual bases and provide the legal authority for your (1) equitable indemnity and contribution claim (third cause of action) and (2) claim for $2 million in "diminished facility value" . . . including the factual bases and legal authority that allows you to pursue both of these claims now that you (a) no longer own the IWS Landfill Property and (b) acknowledge that you have not been "instructed or ordered by the Idaho Department of Environmental Quality ("IDEQ") to take any action" in response to the occurrence . . . .
> *RESPONSE*: Plaintiff objects to this interrogatory as improper under Rule 33 in that (1) it seeks the opinion of an expert, *see Gorrell v. Sneath*, 292 F.R.D. 629, 633 (E.D. Cal. 2013) ("[A] party may not, by interrogatories or deposition, discover facts known or opinions held by an expert."); (2) seeks information protected by the attorney work-product privilege; and (3) defendant has far exceeded the total number of interrogatories permitted under Rule 33(a)(1). *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).
> *INTERROGATORY NO. 24*: Describe all the bids to purchase the IWS Landfill Property that were submitted during the 2018 sale of the IWS Landfill Property, including: (1) the terms or amount of each bid; and (2) the person who submitted each bid.
> *RESPONSE*: Plaintiff objects to this interrogatory as improper under Rule 33 in that defendant has far exceeded the total number of interrogatories permitted under Rule 33(a)(1). *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

The Court rejects the last objection – USAF did not exceed the limit on interrogatories. The Discovery Plan in this case, *see Discovery Plan (Dkt. No. 29)*, allowed for 25 interrogatories and USAF only submitted 24 interrogatories. There were subparts but they were "logically or factually subsumed within and necessarily related to the primary question so as to amount to a single interrogatory." *Asarco LLC v. Union Pac. R.R. Co.*, 2016 WL 1755241, at *10 (D. Idaho May 2, 2016). This objection is therefore denied.

With regard to the work product objection to interrogatory 23, the interrogatory seeks information concerning IWS's allegations and claims – it is what is known as a

contention interrogatory. Rule 33(a)(2) states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." The drafters explained this further in the Advisory Committee Notes:

> Rules 33 and 36 have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these materials are protected against discovery by this subdivision [26(b)(3) ].

*See Advisory Comm. Notes to 1970 Amendments to Rule 26(b)(3)* (emphasis added). Consistent with this, "courts have generally held that contention interrogatories are proper even where they probe a party's contentions as to how the law applies to the facts, explaining that such probing is perfectly permissible and does not invade the work product privilege merely because the party's counsel must disclose the reasoning applying the law to the facts." *Gilmore v. City of Minneapolis*, 2014 WL 4722488 at *5 (D.Minn. Sept. 22 2014) (quoting In re Rail Freight Surcharge Antitrust Litig., 281 F.R.D. 1, 4 (D.D.C.2011)). The Court finds this authority persuasive and will follow it to reject the work product objection.

IWS also objects on the ground that the interrogatory asks for the opinion of a consulting expert who will not testify. But the interrogatory does not ask for the opinion of a consulting expert, and otherwise discoverable evidence is not immunized simply because a consulting expert might possess it.

For these reasons, the Court will grant the motion to compel answers to the Second Set of Interrogatories Nos. 23 & 24.

**Memorandum Decision & Order – page 7**

**E-Mails**

In its Request for Production of Documents, dated December 10, 2018, USAF asked for documents that would include emails or other internal communications regarding the events at issue. Even in its most recent production of documents, IWS has not produced a single email or other internal communication, and provides no explanation for the absence of such documents. The record shows that IWS has a Board of Directors and several employees. *See Response to Interrogatories (Dkt. No. 47)* at Ex 01, pg. 22. IWS claims that its business was damaged to the extent of $2 million, signaling that this is no tiny mom-and-pop enterprise that would forgo use of email.

IWS's counsel has stated generally that IWS has no more documents to produce. But the conduct of IWS's counsel in discovery gives the Court little confidence. There may be a good *specific* explanation for the absence of any email or internal communication, but a general statement that all documents have been provided does not provide the specificity necessary given the conduct of IWS's counsel to this point. The Court will therefore require IWS's counsel to provide a direct statement to USAF regarding (1) the existence of any emails or other internal communications of any type concerning the incident at issue here, and (2) describing counsel's search for such material.

**Sanctions**

This Court has awarded sanctions in the past when one party "rendered discovery a miserable slog" for its opponent, "forcing him at every point to make repeated demands

**Memorandum Decision & Order – page 8**

and ultimately to file [a] motion to compel." *Bown v. Reinke,* 2016 WL 107926 (D.Id. 2016) at *6. That describes IWS's conduct in this case. At every turn, IWS's counsel made discovery a slog for USAF's counsel, leaving a trail of delay and broken promises until USAF was finally forced to file a motion to compel.

Under Rule 37(a)(5)(A) the Court "must" require an award of attorney fees if the motion to compel is granted – "or if the disclosure or requested discovery is provided after the motion was filed" – unless the opposing party's nondisclosure was "substantially justified" or an award of fees would be "unjust." Here the Court is granting the motion to compel in part and, in addition, finds that the disclosure was provided only after the motion was filed. IWS has failed to show any substantial justification and an award of fees cannot be deemed unjust – indeed, there is justice in awarding fees here given IWS's conduct described above. Moreover, fees are also justified under Rule 26(g) for IWS's long delay in producing initial disclosures and discovery relating to damages.

Counsel for USAF estimates that he and others spent 79 hours pursuing IWS's counsel for their discovery failures, as described above. That figure sounds conservative and is certainly reasonable. In addition, counsel seeks an hourly rate of $148 for a total of $11,692. That is also quite conservative and reasonable. The Court will therefore award sanctions in the sum of $11,692.

## Case Management Deadlines

Finally, the Court will direct the Clerk to schedule a case management conference for the purpose of reviewing the existing deadlines in this case.

## ORDER

**Memorandum Decision & Order – page 9**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for sanctions (docket no. 44) is GRANTED.

IT IS FURTHER ORDERED, that plaintiff shall provide answers to the Second Set of Interrogatories Nos. 23 & 24 within 10 days from the date of this decision.

IT IS FURTHER ORDERED, that IWS's counsel shall, within 10 days from the date of this decision, file with the Court and provide to USAF counsel a statement regarding (1) the existence of any emails or other internal communications of any type concerning the incident at issue here; and (2) a description of counsel's search for such material.

IT IS FURTHER ORDERED, that plaintiff shall pay to defendant United States Air Force by way of sanction the sum of $11,692.

DATED: September 30, 2019

_____
B. Lynn Winmill
U.S. District Court Judge