IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| IDAHO WASTE SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-00229-SRB |
| ) | |
| UNITED STATES AIR FORCE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant United States Air Force's ("USAF") Motion to Strike Plaintiff's Jury Demand.  (Doc. #121.)  Upon review, the motion is GRANTED.

The USAF moves to strike Plaintiff Idaho Waste Systems, Inc.'s ("Plaintiff") jury demand as it pertains to Plaintiff's Comprehensive Environmental Response Compensation, and Liability Act ("CERCLA") claims.  In the First Amended Complaint, Plaintiff asserts against all defendants, including the USAF, a "Cost Recovery" claim under CERCLA, 42 U.S.C. § 9607 (Count V), and a "Contribution" claim under CERCLA, 42 U.S.C. § 9613 (Count VI).  Plaintiff does not dispute whether it is entitled to a jury trial on the CERCLA claims,[1] and the Court agrees with the USAF that Plaintiff has no right to a jury trial as to those claims.  *See Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1046–47 (C.D. Cal. 2002) ("Substantial case law supports the conclusion that CERCLA cost recovery actions are equitable in nature and thus that no jury trial is available.") (collecting cases).

---

[1] Plaintiff does argue that it is entitled to a jury trial on its state law claims, that the jury trial should come before the CERCLA bench trial, and that the jury's factual findings on common issues should be binding on the bench trial.  The Court finds that it need not address these issues to resolve the pending motion.

2

In turn, USAF's motion is GRANTED and Plaintiff's jury demand regarding its CERCLA claims is hereby struck.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT

DATED: February 10, 2022